IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE [PREVIOUSLY SHELBY] DIVISION

CRIMINAL CASE NO. 4:98cr89

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| BARRON FIONE JONES. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's filing entitled "Summary of the "Recency" Amendment Addresses a Factor included in the Calculation of the Criminal History Score in Chapter Two of the Guidelines Manual pursuant to 18 U.S.C. Section 3582(c)(2) Retroactive Amendment (462)"[1] [Doc. 500] and Retroactive Application of Fair-Sentencing Act 111th Congress 2D Session S.1789 to Federal cocaine Sentencing Act of 2010 pursuant to Section 3582(c)(2) [Doc. 501].

---

[1]The Defendant incorrectly refers to the so-called "recency" amendment as Amendment 462. "The amendment to section 4A1.1 [of the sentencing guidelines] that was effective on November 1, 2010, was Amendment 742." United States v. Alonso, 2010 WL 4609855 **1 (N.D.Tex. 2010), *citing* U.S.S.G. Manual, Supp. To App. C (2010).

1

## PROCEDURAL HISTORY

On April 6, 1998, the Defendant and seventeen co-defendants were indicted for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §846. [Doc. 3]. The Defendant was also charged with using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1). [Id.]. The Defendant entered into a plea agreement with the Government pursuant to which he pled guilty to the conspiracy charge in exchange for the dismissal of the firearm charge. [Doc. 144]. By so doing, the Defendant avoided a mandatory consecutive sentence of 60 months. Although held accountable for 482 grams of cocaine base, the Government moved for a downward departure from the guideline range of 262 to 327 months imprisonment. [Doc. 475]. The Defendant remained subject to the mandatory minimum sentence of 120 months. [Id.]. On April 27, 1999, the Court granted the Government's motion and the Defendant was sentenced to 188 months imprisonment. [Doc. 273]. He did not file a direct appeal.

On June 26, 2000, the Defendant filed a motion pursuant to 28 U.S.C. §2255 to vacate and set aside his conviction and sentence. Jones v. United States, Civil Case No. 1:00cv142, at Doc. 1]. That motion was denied on July 13, 2000. [Id., at Doc. 2].

In November 2008, the Defendant, through counsel, moved for a sentence reduction pursuant to the Crack Cocaine Guideline Amendment, Amendment 706. [Doc. 473]. That motion was denied on December 16, 2008. [Doc. 480].

## DISCUSSION

Although the Defendant has not styled his new pleadings as motions, it is clear that he seeks relief pursuant to 18 U.S.C. §3582(c)(2). The Court therefore construes the filings as motions for sentence reductions pursuant to that statute.

The Defendant first claims that the "recency" amendment to the sentencing guidelines warrants a reduction in his sentence pursuant to 18 U.S.C. §3582(c)(2). Section 4A1.1(e)(1) of the Sentencing Guidelines assessed additional criminal history points when the offense at issue was committed within two years of release from custody on another offense. The so-called "recency" amendment deleted this assessment of additional points. The Defendant states that §4A1.1(e)(1) was applied in his case and increased his criminal history points. He argues that the amendment deleting the additional criminal history points which became effective November 1, 2010 should be applied to his case pursuant to 18 U.S.C. §3582(c)(2). That statute

3

provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., upon motion of the defendant ... the court may reduce the term of imprisonment[.]

18 U.S.C. §3582(c)(2).

U.S.S.G. §1B1.10 provides for a sentence reduction for a defendant whose guideline range is subsequently lowered as a result of an amendment to the guidelines "listed in subsection (c)." U.S.S.G. §1B1.10(a). Thus, an amendment to the guidelines may not be applied retroactively unless it is listed in U.S.S.G. §1B1.10(c). United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Millhouse, 2010 WL 4338383 (E.D.N.C. 2010).

The Defendant "correctly states that the Sentencing Commission voted to delete the 'recency' provision from the Guidelines, effective November 1, 2010." United States v. Mitchell, 2010 WL 4069520 **2 (2nd Cir. 2010). However, "[w]ithout an express decision by the Sentencing Commission to make its changes retroactive, the mere existence of an amendment that alters a Guideline provision going forward does not render the applicable Guideline substantively unreasonable." Id. "The amendment to section 4A1.1 that was effective on November 1, 2010, was Amendment 742. Amendment 742 is not listed in section 1B1.10(c)." United States v. Alonso, 2010 WL 4609855 **1.

4

As a result, the amendment is not retroactive and does not entitle the Defendant to relief pursuant to §3582(c)(2). Id.

The Defendant also argues that the Fair Sentencing Act of 2010 (FSA), Pub. L. 111-200, 124 Stat. 2372 (Aug. 3, 2010), entitles him to a sentence reduction pursuant to §3582(c)(2). The Defendant argues that the FSA "allows for an 18 to 1 sentencing reduction in the base level of drug sentencing table" which would reduce his offense level. [Doc. 501, at 4-5].

"The FSA amends the sentencing provisions in 21 U.S.C. §841(b)(1) by raising from 50 to 280 grams the amount of crack cocaine necessary to trigger the 10-year mandatory minimum sentence[.]" United States v. Rosario, __ F.Supp.2d __, 2010 WL 4783034 (D.Me. 2010). The Fourth Circuit has held that "the Fair Sentencing Act of 2010, which amended the penalty provisions of 21 U.S.C. §841(b) by increasing the quantities of crack cocaine required to trigger mandatory minimum sentences, does not apply retroactively." United States v. Nelson, 2010 WL 4674414 **1 (4th Cir. 2010); *accord*, United States v. Wilson, 2010 WL 4561381 (4th Cir. 2010). "The overwhelming weight of authority holds that the Act is not retroactive." United States v. Wall, 2010 WL 4809100 (W.D.Va. 2010); *accord*, United States v. Lewis, __ F.3d __, 2010 WL 4262020 (10th Cir. 2010); United States v. Gomes 621 F.3d 1343 (11th Cir.

5

2010); United States v. Carradine, 621 F.3d 575 (6th Cir. 2010); United States v. Bell, 624 F.3d 796 (7th Cir. 2010); United States v. Hall, 2010 WL 4561363 (9th Cir. 2010); United States v. Glover, 2010 WL 4250060 (2nd Cir. 2010). Moreover, "[a]s of the date of this order, there is no amendment listed in U.S.S.G. §1B1.10(c) that lowers a guideline range on account of the FSA." Millhouse, 2010 WL 4338383 **2; Wall, 2010 WL 4809100; Fermin v. Hernandez, 2010 WL 4683573 (S.D.N.Y. 2010). As a result, the Defendant may not rely on §3582(c). Nonetheless, because the Sentencing Commission may determine to make the FSA retroactive, this motion will be denied without prejudice. Millhouse, supra.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Summary of the "Recency" Amendment Addresses a Factor included in the Calculation of the Criminal History Score in Chapter Two of the Guidelines Manual pursuant to 18 U.S.C. Section 3582(c)(2) Retroactive Amendment (462) [Doc. 500], construed as a motion to reduce sentence, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Retroactive Application of Fair-Sentencing Act 111th Congress 2D Session S.1789 to Federal cocaine Sentencing Act of 2010 pursuant to Section 3582(c)(2) [Doc.

501], construed as a motion to reduce sentence, is hereby **DENIED**.

Signed: December 6, 2010

Martin Reidinger
United States District Judge